UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BILLY J. HOWARD,

            **Plaintiff,**

            -v-                                          09-CV-0003A(Sr)

UNITED STATES OF AMERICA,
U.S. DEPARTMENT OF DEFENSE and
GREGORY M. KEMP,

            **Defendants.**

## REPORT, RECOMMENDATION AND ORDER

This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #8.

Currently before the Court is defendants' motion, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 2679(d)(1), to substitute the United States of America as the proper party defendant in place of Gregory M. Kemp and the U.S. Department of Defense. Dkt. #6. For the reasons set forth below, it is recommended that defendants' motion be granted.

## BACKGROUND

Plaintiff Billy J. Howard, represented by counsel, commenced this action against the United States of America, U.S. Department of Defense and Gregory M.

Kemp in the United States District Court for the Western District of New York, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, alleging that on January 6, 2007, while acting within the scope of his employment with the U.S. Department of Defense, Gregory M. Kemp negligently operated a truck, causing it to strike plaintiff's motor vehicle and seriously injure the plaintiff. Dkt. #1. In accordance with 28 U.S.C. § 2679(d)(1), Acting United States Attorney Kathleen M. Mehltretter certified that Gregory M. Kemp was acting within the scope of his office and employment as an employee of the United States at the time of the matters alleged in the complaint. Dkt. #6-2.

## DISCUSSION AND ANALYSIS

Fed. R. Civ. P. 12(b)(1) Standard

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure when the Court lacks the statutory or constitutional power to adjudicate it. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Id.*

In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings. *Id.* However, the Court "must accept as true all material allegations in the complaint" and interpret a plaintiff's *pro se* complaint "to raise the strongest arguments" that the allegations suggest. *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

Federal Tort Claims Act

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999). "In 1946, Congress adopted the FTCA which, subject to numerous exceptions, waives the sovereign immunity of the federal government for claims based on the negligence of its employees." *Coulthurst v. United States*, 214 F.3d 106, 108 (2d Cir. 2000). Specifically, the FTCA authorizes suits against the government to recover damages

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

"The FTCA expressly provides that only the United States may be held liable for torts committed by a federal agency, and not the agency itself." *C.P. Chemical Co., Inc. v. United States*, 810 F.2d 34, 37 (2d Cir. 1987), *citing* 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive."). As the United States Department of Defense is not a proper defendant under the FTCA, it should be dismissed with prejudice. *See Gorelik v. United States*, No. 08-CV-59, 2008 WL 4773125, at *2 (E.D.N.Y. Oct. 30, 2008).

Westfall Act

> The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, affords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties. See 28 U.S.C. § 2679(b)(1). When a federal employee is sued for wrongful or negligent conduct, the Act empowers the Attorney General to certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." [28 U.S.C.]     § 2679(d)(1), (2). Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee. The litigation is thereafter governed by the Federal Tort Claims Act . . . .

*Osborn v. Haley*, 549 U.S. 225, 229-30 (2007).

Plaintiff does not oppose substitution of the United States for Gregory M. Kemp, but argues that the dismissal should be without prejudice. Dkt. #10, ¶ 8. Plaintiff is concerned that a dismissal with prejudice could be construed as a finding that Mr. Kemp was not negligent. Dkt. #10, ¶ 8. However, the Court of Appeals for the Second Circuit has made clear that "[t]he question of whether the act was wrongful is a different one from whether the act occurred while the employee was acting within the scope of his employment." *Rivera v. United States*, 928 F.2d 592, 608 (2d Cir. 1991). Since the Acting United States Attorney has certified that Mr. Kemp was acting within the scope of his employment at all times relevant to the allegations in the complaint, Mr. Kemp is immune from suit on plaintiff's claim of common law tort. *Id.* As a result, the complaint against Gregory M. Kemp should be dismissed with prejudice. *See Gorelik*, 2008 WL 4773125, at *2.

## **CONCLUSION**

Based on the foregoing, it is recommended that the claims against the United States Department of Defense and Gregory M. Kemp be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to counsel for the parties.

DATED:   Buffalo, New York
         October 14, 2009

						 s/ H. Kenneth Schroeder, Jr.
						**H. KENNETH SCHROEDER, JR.**
						**United States Magistrate Judge**