UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BILLY J. HOWARD,

      **Plaintiff,**

    **-v-**                      **09-CV-0003A(Sr)**

UNITED STATES OF AMERICA,
U.S. DEPARTMENT OF DEFENSE and
GREGORY M. KEMP,

      **Defendants.**

---

## DECISION AND ORDER

This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #8.

Plaintiff Billy J. Howard commenced this action against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, alleging that on January 6, 2007, while acting within the scope of his employment with the U.S. Department of Defense, Gregory M. Kemp negligently operated a truck, causing it to strike plaintiff's motor vehicle and seriously injure the plaintiff. Dkt. #1.

Currently before the Court is defendant's motion to compel compliance with Rule 33(b)(5) of the Federal Rules of Civil Procedure and to compel authorizations

for release of medical, employment and government records. Dkt. #42. For the reasons set forth below, defendant's motion is granted.

**Rule 33(b)(5)**

Rule 33(b)(5) of the Federal Rules of Civil Procedure provides that the person answering the interrogatories must sign the interrogatories. Fed. R. Civ. P. 33(b)(5). Plaintiff's counsel declares that plaintiff is in the process of signing a verification of his interrogatory responses. Dkt. #46, ¶ 7. In the event that he has not already done so, plaintiff shall provide a signed verification to his interrogatory responses within 30 days of this filing of this Decision and Order.

**Authorizations for Release of Medical Records**

Defendant seeks to compel medical authorizations releasing plaintiff's entire medical record from those providers identified by plaintiff in his interrogatory responses as having treated plaintiff following this incident. Dkt. #47, ¶¶ 17-19. Plaintiff's interrogatory responses indicate that plaintiff did not suffer from any diseases, serious illnesses, afflictions or injuries diagnosed prior to the incident at issue and that all medical treatment since the accident has been necessitated by the defendant's negligence. Dkt. #43-4, pp.4-5. Given the generally broad scope of discovery, and the absence of any suggestion that the medical records of the providers identified by plaintiff in the interrogatory responses would not be relevant to the assessment of plaintiff's injuries and damages, defendant's motion to compel is granted and plaintiff is directed to provide updated medical authorizations for the release of the entire medical record

compiled by every health care provider identified by plaintiff in his answer to defendant's interrogatories within 30 days of the filing of this Decision and Order.

**Authorizations for Release of Employment Records**

Defendant seeks to compel authorizations permitting the release of employment records from Northern Light Candle, where plaintiff was employed on the date of the accident, and General Roofing, where plaintiff worked for some period following the accident. Dkt. ##43-4, ¶ 4 & 47, ¶ 21. Although it appears that a restricted authorization was provided for at least one of these employers, the Court finds no basis to restrict the authorization to the time period subsequent to the accident. Dkt. #43-6. To the contrary, it seems obvious that plaintiff's work history prior to the accident would be relevant to determining his claim for lost wages. As a result, plaintiff is ordered to provide unrestricted authorizations for release of his employment records with respect to Northern Light Candle and General Roofing within 30 days of the entry of this Decision and Order.

**Authorizations for Release of Government Records**

Defendant seeks to compel authorizations for the release of records from the Allegany Department of Social Services, Social Security Administration and the IRS. Dkt. #47, ¶ 21. Plaintiff's counsel does not object to these requests for authorizations, but does not appear to have included these authorizations among the other authorizations forwarded to defendant. Dkt. ##46, ¶ 9; Dkt. #47, ¶ 21 & Dkt. #47-2. As a result, plaintiff is ordered to provide authorizations for release of records from these

government agencies within 30 days of the entry of this Decision and Order except that the authorization to the IRS shall be limited to W-2's. *See Gattengno v. Price Waterhouse Coorpoers, LLP*, 205 F.R.D. 70, 71 (D. Conn. 2001) (Tax returns are protected by a "qualified privilege" and need not be disclosed unless: (1) it clearly appears that they are relevant to the subject matter of the action or to the issues raised thereunder; and (2) there is a compelling need for their disclosure because the information contained in the tax returns is not otherwise readily obtainable.); *see also Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 238-239 (W.D.N.Y. 1998).

**Scheduling Order**

An Amended Case Management Order will be issued separately.

**SO ORDERED.**

DATED:   Buffalo, New York
         October 28, 2010

                                          s/ H. Kenneth Schroeder, Jr.
                                          **H. KENNETH SCHROEDER, JR.**
                                          **United States Magistrate Judge**